## W. R. STEBBINS, *et al.*, v. L. C. CHALLISS.

1. INJUNCTION; *Tax Certificates; Tax-Deeds.* The fact that the sale certificates have been disposed of by the county and belong to individuals, will not change the rule laid down in the cases of *The City of Lawrence v. Killam*, 11 Kas. 499, and *Challiss v. Commissioners Atchison County*, ante, 49, in reference to restraining the execution of tax deeds.

2. ——— *Illegal Assessment of Lands as Town Lots.* Where the plaintiff was the owner of a tract in the city of Atchison liable to assessment and taxation as a single tract of so many acres, and portions of it were by descriptions through which they can be identified, assessed and taxed as lots, surrounded by streets and alleys, *held*, that an injunction ought to issue restraining the collection of taxes upon such assessment.

### *Error from Atchison District Court.*

INJUNCTION, brought by *Challiss*, as plaintiff, against *Benj. B. Gale*, county clerk, and *Stebbins*, as defendants. The petition alleged that *Challiss* was the owner of 21 certain lots in "Challiss' Addition" to the city of Atchison, describing

them; and also the owner of certain real estate in "Spring Garden Addition," which he alleges was formerly divided into lots and blocks, describing them, but that these last-mentioned lots and blocks, prior to 1869, had been vacated by the county board; that the county treasurer had advertised that the time for redemption of lands and lots sold would expire between May 3d and June 27th 1873, three years from the several sales, etc.; that *Stebbins* claimed to hold tax certificates for said lots in "Challiss' Addition" and "Spring Garden Addition," and was about to apply to the county clerk for a tax-deed thereon, which would vest the title thereto in *Stebbins*, or cast a cloud over the title, etc. The petition then says, "That each and all of such certificates of sale are irregular, null, and void, and do not authorize the execution of any tax-deed or deeds thereon, for among others the following reasons, to-wit," (setting up the six grounds mentioned in the opinion of the court in the preceding case of *Challiss v. Comm'rs of Atchison Co.*, ante, p. 53.) Upon this petition, properly verified, *Challiss* applied for and obtained a preliminary injunction, restraining the county clerk from issuing tax-deeds to *Stebbins* on any of the tax certificates held by him on sales of lots in the two additions above mentioned. The defendants appeared, and demurred. Afterward, and in January 1874, the defendants, on motion and notice, applied to the district judge, at chambers, for an order vacating the injunction as to all the property, in both additions, which motion was by said judge overruled and denied. From this decision and refusal to vacate and dissolve said injunction the defendants appeal, and bring the case here on error.

*C. G. Foster,* and *D. Martin,* for plaintiffs in error:

It is not claimed by Challiss that his lots and land are not subject to assessment and taxation, but his whole case is based upon "irregularities" on the part of the several officers in the proceedings to enforce the collection of taxes. Challiss has not offered to pay any part of these taxes, but permitted

the real estate to be sold in 1870, and the purchaser to pay the taxes' for 1870, 1871 and 1872, without objection; and not until a few days before the deed is to be issued does he object, and then he comes into court and invokes the interposition of equity in his behalf. By remaining quiet, Challiss was getting his taxes paid; but he must not permit a deed to be issued, for then, if the deed was set aside, he would have to pay the purchaser the taxes, costs, and interest provided by the statute; (§ 117, tax law.) When a person seeks equity, he must do equity. He must come into court with clean hands, and without laches or delay.

The decisions of this and other courts have settled all there is in this case. This action cannot be maintained unless the tax is *illegal*, and the execution of a tax-deed is a *proceeding* to enforce the collection of the same. (Civil Code, § 253.) On what ground can it be claimed that the tax is illegal? It is not claimed that the property is exempt from taxation. It is not claimed that the state, county or city had no power to levy taxes. It is not even claimed that the assessment or taxation is greater by reason of the real estate in Spring Garden Addition being described in lots and blocks, and not as a whole. The only objection made to the city tax is, that it was not properly certified to the county clerk. The petition alleges that the tax was made on the "real and personal property *in such city*." There is nothing alleged in this petition that renders the tax illegal and void. Dillon on Munic. Corp. § 737; 7 Kas. 210, 228.

Mere irregularities do not render a tax illegal or void: Gen. Stat. 1057, § 113; 7 Kas. 225; 8 Kas. 558, 561; 9 Kas. 296, 300, 489; 3 Ohio St. 1; 11 Wis. 470. Courts of equity will not interfere unless the collection of the tax would be inequitable and unjust: 7 Kas. 210, 228; 8 Kas. 558; 9 Kas. 155, 296, 489; 14 Wis. 618; High on Inj. § 355. Plaintiff must tender what is right and equitable before he is entitled to an injunction: 7 Kas. 210; 11 Am. Law Reg. 208; 17 Wis. 284; 34 Ind. 36, 141; 1 Cal. 455; 15 Ohio St. 64; 2 Story's Eq. Jur. § 959*a*. The plaintiff

must not have been guilty of laches or delay. He should have enjoined the *levy* of the tax, or at the latest the *sale.* He cannot wait until the relief asked would work an injury to the other party: High on Inj. §§ 7, 397; Hilliard on Inj. § 43; 10 Cush. 252.

It is difficult to understand the position taken by defendant in error as to the *status* of "Spring Garden" addition. He refers to a pretended vacation; yet he alleges that the property is situate in the First, Third and Fourth wards of the city. If this addition was legally vacated, then the N.½ of N.W.¼ sec. 7, T. 6, R. 21, was no part of the city, but an outside tract of 80 acres of land; and a tax-deed on "Lot 10, block 3, Spring Garden Addition," would be no cloud upon the title of the 80-acre tract. If it was outside of the city, it was not injuriously affected by city taxes, for they were levied only on the property in the city. Even if the property should have been assessed in acres, it does not appear from the petition that the taxes would have been less if they had been so levied. And if the tract of land was in the city, a tax-deed on lots and blocks that had no existence would cast no cloud upon the title of the tract of land. Under the decisions of this court, the granting of an injunction to restrain the collection of a tax for the irregularities complained of here, would be held inequitable, and against public policy.

*W. W. Guthrie,* for Challiss, defendant in error, submitted the same views presented in his brief in the preceding case of *Challiss v. Comm'rs of Atchison Co.,* (ante, p. 50;) and he added the following:

One other question is here presented, as to the Spring Garden Addition lots: Before the assessment for the tax for which the sale was made, this property had ceased to be lots, and was only taxable as acres: § 2, ch. 128, Laws of 1864, p. 241. There was then *no* assessment; the attempt made was a nullity: 32 Mo. 512; 42 Mo. 162; Gen. Stat. 1032, §§ 32, 36, 37, 39, 40. Challiss was only required to inquire

for and to pay taxes on N.½ of N.W.¼ sec. 7, T. 6, R. 21; yet here are patches of clouds to be scattered over his land, absolutely without any warning which he had any right to expect. Neither, after vacation, would such property be within the city, and subject to city taxation. It never was in the city except as an addition. Sec. 1, act of Feb. 12, 1858, defined the boundaries of the city; and § 1 of act Feb. 11, 1859, makes additions, after plat filed, a part of the city, and as such subject to taxation. This tract went into the city by virtue of said act of 1859, when it ceased to be acres and became lots; and went out of the city by virtue of said ch. 128, laws of 1864, when it ceased to be lots and became acres. It was an addition only by virtue of the filing a plat, and of course, as it rested on this fact, it existed within the city no longer than the fact existed.

The opinion of the court was delivered by

BREWER, J.: Many of the questions in this case are similar to those in the case of *Challiss v. Commissioners of Atchison County*, just decided. They need not therefore be considered here. One principal difference is, that here the sale certificates were held by the plaintiff in error, Stebbins, and it may with more propriety be said that an injunction will not "embarrass the collection of the public revenues." The county has received the money, and the controversy is one simply between two individuals, one seeking to free his property from an apparent incumbrance, and the other seeking to perfect a title to that property—a title which he has acquired for but a small fraction of the value of the property. Yet, notwithstanding the difference in the positions which the defendants in the two cases occupy, the same decision must be made in each, for the claim of the plaintiff in each rests upon the same foundation. It matters little what wrong a defendant may be doing, unless the plaintiff's claim is equitable; and in each of these cases the plaintiff, without paying a cent toward the public revenues, is asking a court of equity to release him from all obligations to pay. And

though the county is no longer the holder of these certificates, yet, if this action be sustained, it will be compelled to refund to the defendant the money he has paid for them. So that the ultimate result would be to release the plaintiff from his share of the public burdens, to deprive the county of this portion of the public revenues, and to cast a so-much-heavier burden on the other citizens and property-holders. True, something might be done towards avoiding this result by a reassessment, levy, and sale, if authorized by the legislature. But owing to the delay and expense, this would only be a partial avoidance.

One other question is presented, which affects a part of the property only. At one time there had been what was known as the Spring Garden Addition of the city of Atchison. This was duly laid off into lots and blocks, and some of the tax certificates held by the defendant were upon lots in this addition. But before any of these tax proceedings were had this addition had been duly vacated, so that the lots and blocks had ceased to exist. It is insisted that by the vacation this addition ceased to be a part of the city, or subject to city taxation. On the 12th of February 1858 an act was passed by the territorial legislature concerning the city of Atchison, by the first section of which the boundaries of the city were defined. The property in controversy was outside of those boundaries. On the 11th of February 1859 another act was passed, in the first section of which it was provided among other things, that "all additions which have been or may hereafter be made shall become and be a part of said city, after the plat thereof shall have been filed as required by law twelve months, and shall be liable for taxes as other city property after the commencement of the first fiscal year of said city thereafter." By this act this addition became a part of the city. And the act provides for no temporary or conditional annexation. The ground platted is not to be a part of the city so long only as it remains platted, but it is to become and be a part of the city permanently. The act provides a way in, none out of the city. But in

1864 an act was passed providing for the vacation of town sites and additions, (Laws of 1864, p. 241,) and in that it is declared that, in case of a vacation, "all surveys for the subdivision of such lands are expunged from record, and declared null and of no avail in any court of this state, and the lands hereby restored to their original condition under the surveys of the United States government, as if no platting for a town had taken place." This language is very broad, and it may possibly sustain the claim of counsel; but we do not care to decide the question, as we deem it unnecessary for the disposition of this case. For though this still be a part of the city of Atchison, and subject to its taxation, we think the injunction must as to it be sustained. In the second section of the act last cited it is provided that after the vacation the "land shall be as if never a town site, and shall be taxed as parcels of land by appropriate descriptions in acres." These lots were assessed in disregard of this plain and positive requirement, and it is an error which involves something more than a mere irregularity of description. It must be presumed that the assessment was fairly made as an assessment of lots with streets and alleys surrounding them, and the fact that these streets and alleys exist, or are supposed to exist, is an element which enters into and forms a part of and to that extent increases the valuation. How materially they did affect the valuation in this particular instance, we cannot say. Perhaps it cannot in the very nature of things be shown. The elements which enter into and determine the value are so essentially different in the case of town lots, and open fields, that it seems as though they were almost incapable of exact pecuniary measurement. As the case at present stands there is no attempt at it. More than that, the ground covered by the streets and alleys, being then private property, and subject to taxation, may yet be reached and compelled to bear its proportion of the public burdens, for though the supposed streets and alleys may have increased the value of the supposed lots, yet they do not thereby become themselves exempt from taxation. We think therefore the district judge

did not err in overruling the motion to vacate the temporary injunction as to these lots. The case may be thus summed up: The plaintiff is the owner of a certain tract in the city of Atchison which is liable to assessment and taxation as a single tract of so many acres. Portions of it, by descriptions through which they can be identified, are assessed and taxed as lots surrounded by streets and alleys. Such assessment includes and is based upon elements of value which do not exist in the case of unplatted ground, and which so far as now appears have no exact pecuniary measurement. The supposed existence of streets and alleys, while it increases the valuation of the ground assessed as lots, does not exempt from taxation the ground covered by the streets and alleys, which may hereafter be assessed and taxed. The assessment therefore is both irregular and unjust. It presents a case for equitable interference.

The order of the district judge refusing to dissolve the injunction will therefore be reversed, except as to the lots in the so-called Spring Garden Addition, and as to them it will be affirmed. The costs will be divided.

All the Justices concurring.